**2200 M STREET LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc., Appellants**

v.

**Richard G. MURPHY, Jr and Karen Rollo Murphy, Appellees.**

**No. 05–7035.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 29, 2005.

Hamilton Phillips Fox, III, Sutherland, Asbill & Brennan, Washington, DC, for Appellees.

Geoffrey Tate Keating, McManus, Schor, Asmar & Darden, Washington, DC, Stephan Forrest Andrews, James Willard Walker, Vandeventer Black LLP, Richmond, VA, for Appellants.

Before: GARLAND, Circuit Judge, and EDWARDS and SILBERMAN, Senior Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from an order of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the orders of the district court denying appellant's motions to compel arbitration and to stay the proceeding pending arbitration are affirmed.

Appellees Richard G. Murphy, Jr. and Karen Rollo Murphy entered into a Residential Purchase Agreement on November 18, 2000, by which they agreed to purchase a condominium unit in the Millennium Square project from appellants. The transaction closed in February 2001. According to the Murphys, they subsequently learned that the plumbing in Millennium Square suffered from a defect that gave rise to an infestation of toxic mold throughout the building. The Murphys filed suit in district court, seeking damages for the plumbing defect on grounds of fraudulent inducement and economic injury.

The Residential Purchase Agreement contains a provision stating that "[a]ny dispute involving delivery of the Unit in accordance with the Plans shall be submitted to Gary E. Handel & Associates, the project architect[,] for a decision, which decision shall be binding." J.A. 19. Appellants asserted that this provision governs the Murphys' suit, and they urged the district court to stay its proceedings and to compel the parties to submit their dispute to arbitration. The district court disagreed and issued a pair of orders denying appellants' motions. This appeal followed. *See* 9 U.S.C. § 16(a)(1)(A), (B).

Appellants concede that the arbitration provision in question is narrow in scope and reaches only certain disputes. Appel-

lant's Br. 6. This is not one of them. The provision extends only to disputes "involving delivery of the Unit *in accordance with the Plans.*" J.A. 19 (emphasis added). The Purchase Agreement specifies that "[c]apitalized terms used herein without definition shall have the meanings specified for such terms in the condominium instruments," J.A. 17, and the term "Plans" is defined in the Millennium Square Bylaws to mean "Plans as recorded in the Office of the Surveyor of the District of Columbia." J.A. 106. Those Plans do not mention plumbing at all. *See* J.A. 208–09, 220. Accordingly, this particular dispute—concerning the adequacy of the installed plumbing—is not within the scope of the arbitration clause.

The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).